IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00482-PAB-NYW

RAYNARD HUGEE and
FREDDRICK MOORE,

    Plaintiffs,

v.

PDB SPORTS LTD., d/b/a Denver Broncos Football Club,
METROPOLITAN FOOTBALL STADIUM DISTRICT,
STADIUM MANAGEMENT COMPANY, LLC,
DENVER POLICE OFFICER TOM SHERWOOD, in his official and individual capacity,
DENVER POLICE OFFICER RAUL VELASQUEZ, in his official and individual capacity,
DENVER POLICE OFFICER TONY LOPEZ, in his official and individual capacity, and
DENVER POLICE OFFICER RON THOMAS, in his official and individual capacity,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on the Joint Motion to Dismiss Defendants PDB Sports Ltd., d/b/a Denver Broncos Football Club and Metropolitan Football Stadium District With Prejudice and to Modify Rule 41(D) Motion [Docket No. 26] filed by plaintiffs and defendants PDB Sports Ltd. ("PDB"), Metropolitan Football Stadium District (the "District"), and Stadium Management Company, LLC (collectively, the "stadium defendants"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    The parties' stipulated motion seeks to dismiss all claims against PDB and the District on the grounds that plaintiffs have reached a settlement agreement with the stadium defendants in which plaintiffs agree to dismiss their claims against those defendants with prejudice. Docket No. 26 at 2, ¶ 1.

Despite Rule 41(a)(1)'s reference to the dismissal of an "action," the weight of authority permits a dismissal of all claims pursuant to Rule 41(a)(1)(A) against fewer than all defendants. *See Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety" and permits dismissal of all claims as to a single defendant). The stipulation, however, was not signed "by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii); *see Anderson-Tully Co. v. Federal Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009) (under Fed. R. Civ. P. 41(a)(1)(A)(ii), "all parties who have appeared" includes both current and former parties). As a result, the stipulation of dismissal, by itself, does not serve to dismiss plaintiffs' claims against PDB and the District. The Court, however, having reviewed the stipulation, finds that dismissal of these defendants is appropriate.

The instant motion also asks the Court to modify a motion for attorneys' fees and costs filed by the stadium defendants by reducing the amount sought in attorneys' fees and costs by two-thirds. *See* Docket No. 26 at 2, ¶ 3 (seeking to modify the relief requested in Docket No. 11). While the Court would not ordinarily modify a filed motion, the Court construes this portion of the parties' motion as the stadium defendants' stipulation to reduce the amount of their fee request by a defined amount. In the interest of effectuating the parties' agreement, the Court will grant this relief.

Wherefore, it is

**ORDERED** that the Joint Motion to Dismiss Defendants PDB Sports Ltd., d/b/a Denver Broncos Football Club and Metropolitan Football Stadium District With Prejudice and to Modify Rule 41(d) Motion [Docket No. 26] is **GRANTED**. It is further

**ORDERED** that all claims brought by plaintiffs Raynard Hugee and Freddrick Moore in this action against defendants PDB Sports Ltd., d/b/a Denver Broncos Football Club and Metropolitan Football Stadium District are dismissed with prejudice. It is further

**ORDERED** that the Motion for Costs, Attorneys' Fees, and Stay Under Fed. R. Civ. P. 41(D) filed by defendants PDB Sports Ltd d/b/a Denver Broncos Football Club, Metropolitan Football Stadium District, and Stadium Management Company, LLC [Docket No. 11] will be modified in accordance with the parties' agreement, and the amount of the fee request sought by defendants in that motion will be reduced by two-thirds.

DATED June 22, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge