IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00482-PAB-NYW

FREDDRICK MOORE,

      Plaintiff,

v.

STADIUM MANAGEMENT COMPANY, LLC,
TOM SHERWOOD, Denver Police Officer, in his official and individual capacity,
RAUL VELASQUEZ, Denver Police Officer, in his official and individual capacity,
TONY LOPEZ, Denver Police Officer, in his official and individual capacity, and
COMMANDER RON THOMAS, Denver Police Officer, in his official and individual
capacity,

      Defendants.

_____

**ORDER**
_____

      This matter comes before the Court on the Motion for Costs, Attorneys' Fees,

and Stay Under Fed. R. Civ. P. 41(d) [Docket No. 11] filed by defendant Stadium

Management Company, LLC ("SMC").[1]  The Court has jurisdiction pursuant to 28

U.S.C. § 1331.

_____

[1]The motion was originally filed by three defendants: SMC, PDB Sports Ltd., d/b/a
Denver Broncos Football Club ("PDB"), and the Metropolitan Football Stadium District
(the "District") (collectively with SMC and PDB, the "stadium defendants").  *See* Docket
No. 11.  After this motion was filed, PDB and the District were dismissed pursuant to an
agreement between the parties.  *See* Docket No. 37.  In the parties' joint motion to
dismiss, the parties asked the Court to reduce the amount of fees and costs sought in
the instant motion by two thirds due to the dismissal of two of the three defendants.
Docket No. 26 at 3.  The Court granted this requested relief.  Docket No. 37 at 3.  Thus,
in this motion, SMC seeks attorneys' fees and costs totaling $13,148.13, one third of the
amount originally requested by the three defendants who joined in the motion.  Docket
No. 26 at 3.

I. **BACKGROUND**[2]

  A.  **The Alleged Constitutional Deprivations**

This case concerns two incidents in January 2014 in which plaintiff was ordered to remove his Winnebago from a parking lot of Sports Authority Field in Denver, Colorado.  *See generally* Docket No. 33 at 4-6, ¶¶ 17-29.  On January 12, 2014, plaintiff Moore, former plaintiff Raynard Hugee, and a number of individuals who are not parties to this action were "tailgating" from plaintiff's Winnebago[3] in parking lot C of Sports Authority Field in anticipation of the Denver Broncos' playoff game against the San Diego Chargers.  Docket No. 33 at 4, ¶ 17.  The phrase "Cannabis University" was emblazoned on the Winnebago's driver and passenger sides.  *Id.* at 5, ¶ 19.  Before the football game started, agents of SMC and the Denver Police Department, including defendants Sherwood and Velasquez, ordered the Winnebago's occupants to either immediately cover the word "cannabis" on the vehicle or remove the vehicle from Sports Authority Field property.  *Id.* ¶ 23.

On January 19, 2014, plaintiff once again sought to park his Winnebago in parking lot C, but had covered both areas on the vehicle that displayed the phrase "Cannabis University."  *Id.* at 6, ¶ 26.  Agents of SMC and the Denver Police Department, including defendants Lopez and Thomas, however, demanded that the Winnebago immediately leave Sports Authority Field property.  *Id.* ¶ 27.

_____

[2]The facts underlying this litigation are drawn from plaintiff's amended complaint. Docket No. 33.  These facts are included for background purposes only and the Court does not assume their truth in ruling on this motion.

[3]The Winnebago belonged to two entities of which plaintiff is 100% owner.  Docket No. 33 at 4 n.1.  Plaintiff, however, refers to the vehicle as his own.  *See id.* at 5, ¶ 18.  For simplicity's sake, the Court will do the same.

During both the January 12 and January 19 incidents, SMC's agents and the Denver police defendants stated that their reason for banning the Winnebago was that all commercial activity is prohibited on stadium property. *Id.* at 7, ¶ 32. Plaintiff alleges that this ban on commercial activity is selectively enforced and that "a wide variety of other, non-cannabis-related political and commercial speech and expressive images" was permitted on stadium property, including in parking lot C. *Id.* ¶ 33.

Michelle LaMay, who was originally a plaintiff in this action, *see* Docket No. 1, is the dean and chief executive officer of Cannabis University. Docket No. 33 at 5, ¶ 21. Ms. LaMay consented to the use of the phrase on plaintiff's Winnebago. *Id.*

### B. Procedural History

Several different parties have filed several different complaints related to the January 2014 incidents at Sports Authority Field. The instant motion concerns the actions of plaintiff and other parties at the state court level. *See generally* Docket No. 11. On January 30, Ms. LaMay and Cannabis University filed suit against the stadium defendants in the District Court for the City and County of Denver, Colorado. Docket No. 11-1 at 2 (the "state court action"). The complaint brought claims for relief for unconstitutional restraint on free speech. *Id.* at 3. Ms. LaMay, who is not an attorney, signed the complaint on behalf of both herself and Cannabis University. *Id.* at 4. The stadium defendants moved to dismiss Ms. LaMay's complaint, arguing, *inter alia*, that Cannabis University, a corporate entity, could not be represented pro se. *Id.* at 14. On February 27, 2014, Ms. LaMay filed a document titled "Motion for Declaratory Judgement in a Special Matter," in which she asked the state court to allow her to "act as advocate for her business" and sought to withdraw herself as a party. *Id.* at 39-40.

On March 6, 2014, Ms. LaMay filed an amended complaint naming Cannabis University as the sole plaintiff. *Id.* at 43.  Again, Cannabis University was represented only by Ms. LaMay.  In the amended complaint, Cannabis University alleged claims for business disparagement and violation of Colo. Rev. Stat. § 35-31-101. *Id.* at 45-47.[4]  On March 19, 2014, the state court accepted the amended complaint, dismissed Ms. LaMay as an individual plaintiff, and required a licensed attorney to enter an appearance on behalf of Cannabis University, indicating that failure to obtain counsel may result in dismissal of the lawsuit. *Id.* at 70, 72.  On April 2, 2014, the stadium defendants moved to dismiss plaintiff's amended complaint. *See id.* at 80.

Counsel for plaintiff entered appearances in the state court action on April 22, 2014. *Id.* at 74, 77.[5]  On June 5, 2014, the parties to the state court action appeared for a status conference. *See id.* at 108.  At the status conference, the state court ordered plaintiff's counsel to file a motion to amend the complaint on or before July 10, 2014. *Id.* at 109.

On July 3, 2014, plaintiff's counsel filed a second amended complaint (the "proposed second amended complaint"), which is substantially similar to the operative complaint in this action.  Docket No. 11-1 at 113.  The proposed second amended complaint was filed on behalf of Ms. LaMay, Mr. Hugee, and plaintiff (the "putative

---

[4]Colo. Rev. Stat. § 35-31-101 is a criminal statute that makes it unlawful for any "person, firm, partnership, association, or corporation or any servant, agent, employee, or officer thereof . . . knowingly to make any materially false statement . . . for the purpose of in any manner restraining trade" concerning "any . . . articles or products ordinarily grown, raised, produced, or used in any manner or to any extent as food for human beings or for domestic animals."

[5]The attorneys for plaintiff in this matter also represented the various plaintiffs at the state court level – including Cannabis University, Ms. LaMay, Mr. Hugee, and Mr. Moore.

plaintiffs"). *Id.* The stadium defendants argued that the plaintiffs filed the complaint without having sought leave to do so and added parties who had not moved to intervene. *Id.* at 130.[6]  On September 16, 2014, the state court denied the plaintiffs' motion to amend, noting that, in the proposed second amended complaint, "[t]he only plaintiff to the original complaint has been dropped from this action and three completely new parties were added." *Id.* at 137.  The state court stated that the proposed second amended complaint "is <u>not</u> an Amended complaint; it is an entirely new, different lawsuit.  If the new Plaintiffs wish to pursue these new claims, that should be done in a separate lawsuit, not here." *Id.* (emphasis in original).  In addition to denying the putative plaintiffs' motion to file the proposed second amended complaint, the state court ordered Cannabis University to respond to the stadium defendants' pending motion to dismiss within seven days of the order. *Id.* at 138.

On September 23, 2014, Cannabis University filed an "Unopposed Motion to Voluntarily Dismiss All Claims Against All Defendants Without Prejudice."  Docket No. 11-1 at 140.  The motion noted that, because the state court did not accept the proposed second amended complaint, Cannabis University was the only party "that is in a position to move to voluntarily dismiss all of its claims," but stated that, "to ensure no unresolved matters remain in this case, Michelle LaMay, Reynard Hugee, and Frederick Moore also seek to voluntarily dismiss all claims raised in the complaints and proposed complaints" filed in the state court action "without prejudice." *Id.* at 141, ¶¶ 5-6.  In

---

[6]Contrary to the state court's order, the putative plaintiffs did not seek leave to file the (already-filed) proposed second amended complaint until July 18, 2014. *See* Docket No. 11-1 at 137.

correspondence between the parties before Cannabis University filed its motion, plaintiff's counsel opined that Mr. Hugee and plaintiff's inclusion in the motion for voluntary dismissal was unnecessary, but offered to include them if the stadium defendants wished.  Docket No. 18-2 at 7.  The stadium defendants' counsel responded that his understanding "was [that the voluntary dismissal] would include Messrs. Hugee and Moore as well."  *Id.*

Plaintiff, Mr. Hugee, and Ms. LaMay initiated this lawsuit on March 6, 2015. Docket No. 1.  On March 26, 2015, the stadium defendants filed the instant motion for attorneys' fees, costs, and a stay.  Docket No. 11.  On April 2, 2015, plaintiff's counsel notified the stadium defendants' counsel that Ms. LaMay intended to file a motion to dismiss her claims against all defendants with prejudice.  Docket No. 18-3 at 1. Plaintiff's counsel opined that, after the dismissal of Ms. LaMay, the stadium defendants' Rule 41(d) motion would be moot, as no remaining plaintiff was ever a party to the state court action.  *Id.* at 1-2.  The stadium defendants responded that they took no position as to Ms. LaMay's withdrawal.  *Id.* at 1.  The Court dismissed Ms. LaMay on April 7, 2015.  Docket No. 14.

## II.  ANALYSIS

Fed. R. Civ. P. 41(d) states: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."  The decision whether to impose costs and attorneys' fees under Rule 41(d) is within the discretion of the trial court.  *See Meredith v. Stovall*, 2000 WL 807355, at *1 (10th Cir.

June 23, 2000) (unpublished).  "The purpose of the rule is to prevent the maintenance of vexatious law suits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct."  *Id.*  No showing of bad faith is required before costs may be imposed, but the plaintiff's motive in dismissing the prior action may be taken into account.  *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2008 WL 906110, at *17 (D. Colo. Mar. 31, 2008).

Because Rule 41(d) applies only to a party "who previously dismissed an action in any court," SMC's entitlement to fees hinges on whether plaintiff was a party to the state court action.  *Cf. Bran v. Sun Pac. Farming Coop.*, 2007 WL 781865, at *4 (E.D. Cal. Mar. 13, 2007) ("The current Plaintiffs did not take part in the previous dismissal. Therefore, Rule 41(d) does not apply to them.").  SMC, however, argues that plaintiff is liable for attorneys' fees based on his inclusion in the proposed second amended complaint and the fact that plaintiff joined Cannabis University's motion to dismiss the state court action.  Docket No. 11 at 10-11.  Plaintiff states that SMC's argument is inconsistent with the position it took in the state court action, where it argued (in opposing entry of the proposed second amended complaint) that plaintiff, Mr. Hugee, and Ms. LaMay were "not the plaintiffs in the case, have never intervened to enter the case, and thus lack standing to pursue this case."  Docket No. 18 at 8-9; *see also* Docket No. 11-1 at 94 n.1.  Plaintiff also claims that he joined the motion to dismiss the state court action only at the insistence of the stadium defendants' counsel and that his inclusion in the motion to dismiss the state court action has no legal effect since he was

not a party to the state court action when the motion was filed. *See* Docket No. 18 at 10.

The Court agrees with plaintiff. The effect of the state court's order denying leave to file the proposed second amended complaint is that plaintiff was never a party to the state court action. Plaintiff's inclusion on Cannabis University's unopposed motion to dismiss the state court action – apparently done on the stadium defendants' insistence – likewise does not convert plaintiff into a party "who previously dismissed an action in any court." Fed. R. Civ. P. 41(d). Although he added his name to the motion to dismiss the state court action, plaintiff had no claims to dismiss.

SMC cites *Blauinsel Stiftung v. Sumitomo Corp.*, 2001 WL 1602118 (S.D.N.Y. Dec. 14, 2001), for the proposition that the Court has authority under Rule 41(d) to sanction a party who is "related" to the parties who dismissed the original action. Docket No. 25 at 2. That case is distinguishable. First, the *Blauinsel* court ordered sanctions pursuant to Rule 37, not Rule 41(d). *Id.* at *9. The *Blauinsel* court merely noted that the sanctions it awarded in that case were "consistent with the policy underlying Rule 41(d)[.]" *Id.* Second, in *Blauinsel*, the first action was filed by a trust while the second action was filed by the beneficiary of that trust. *Id.* at *5-*6. Even if the Court agreed with SMC that Rule 41(d) authorizes sanctions against a plaintiff who is "related" to a party who dismissed a previous lawsuit, SMC has not demonstrated that plaintiff has any relation to Cannabis University that approximates the relationship between trust and beneficiary. Because plaintiff was not a party to the state court action, Rule 41(d) does not apply to him and SMC's motion will be denied.[7]

---

[7]Although plaintiff was never a party to the state court action, Ms. LaMay was named as a plaintiff on the original state court complaint. *See* Docket No. 11-1 at 2. SMC

Additionally, while a party's motive is not determinative of the issue of Rule 41(d) fee and cost awards, the Court notes that the motive of the parties here weighs against an award of fees and costs.  SMC argues that an improper motive is present because the stadium defendants would have been entitled to attorneys' fees and costs in the event that their pending motion to dismiss the state court action had been granted. Docket No. 25 at 7-8.[8]  Again, however, plaintiff was not a party to that action.  SMC provides no evidence that plaintiff is responsible for the debts of Cannabis University, the only plaintiff in the state court action.  Plaintiff's decision to bring his claims in federal court – after having been denied the ability to do so in the state court action – cannot be reasonably interpreted as a legal maneuver to avoid an award of fees and costs against Cannabis University.  Further, in declining to enter the proposed second amended complaint, the state court instructed the putative plaintiffs to pursue their "new claims . . . in a separate lawsuit."  Docket No. 11-1 at 137.  The Court sees no improper motive in plaintiff's decision to follow the state court's instruction.

## III. CONCLUSION

For the foregoing reasons, it is

---

suggests that Rule 41(d) applies, at a minimum, to Ms. LaMay.  Docket No. 11 at 11. SMC, however, took no position on Ms. LaMay's withdrawal, *see* Docket No. 12; Docket No. 18-3 at 1, and the Court dismissed Ms. LaMay in April 2015.  Docket No. 14.  SMC provides no authority that suggests that Rule 41(d) authorizes the Court to impose sanctions against a dismissed party, and the court declines to do so.  *Cf. McRae v. Rollins College*, 2006 WL 1320153 at *2 (M.D. Fla. May 15, 2006) (holding that dismissal of plaintiff's claims moots Rule 41(d) motion for costs because "the ultimate sanction under Rule 41(d) is dismissal of the lawsuit if costs are awarded, but not paid").

[8]SMC states that, because the claims in the state court action sounded in tort, a successful motion to dismiss would have entitled the stadium defendants to attorneys' fees and costs.  Docket No. 11 at 2 (citing Colo. Rev. Stat. § 13-17-201).

**ORDERED** that defendant Stadium Management Company, LLC's Motion for

Costs, Attorneys' Fees, and Stay Under Fed. R. Civ. P. 41(d) [Docket No. 11] is

**DENIED**.

DATED December 9, 2015.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge